IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRISELDA RUIZ-LOYA, | § | |
| Reg. No. 48292-380, | § | |
|     Movant, | § | |
| | § | EP-16-CV-259-KC |
| v. | § | EP-15-CR-304-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Griselda Ruiz-Loya challenges her 30-month sentence — imposed by the Court after she pleaded guilty to possessing with the intent to distribute 500 grams or more of cocaine — through a motion under 28 U.S.C. § 2255 (ECF No. 125).[1]  The Court understands her to claim the recent Supreme Court decision in *Johnson v. United States*[2] announced a new substantive rule retroactively applicable to her case on collateral review.[3]  After reviewing the record and for the reasons discussed below, however, the Court concludes that Ruiz-Loya has failed to establish an entitlement to § 2255 relief.  The Court will accordingly deny her motion and dismiss her civil cause with prejudice.  The Court will additionally deny her a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On February 14, 2015, federal agents stopped Ruiz-Loya and two other women outside a supermarket in El Paso, Texas, based on a tip from a source of information.  The women

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-15-CR-304-KC-1.  Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

[3] *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("Johnson is thus a substantive decision and so has retroactive effect[.]").

consented to a pat-down search and the agents discovered packages concealed around Ruiz-Loya's breast and crotch areas.   The contents of the packages field tested positive for cocaine.

A grand jury sitting in the Western District of Texas, El Paso Division, returned a four-count indictment charging Ruiz-Loya and the two other women with various drug trafficking offenses.   Ruiz-Loya's attorney successfully negotiated a plea agreement with the Government on behalf of his client.   Under its terms, Ruiz-Loya agreed to plead guilty to count four of the indictment, which alleged she possessed with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and aided and abetted, in violation of 21 U.S.C. § 2.  In exchange, the Government agreed to move to dismiss the remaining counts of the indictment pending against her.

In a presentence investigation report, the probation officer determined that, based upon a total offense level of 25 and a criminal history category of I, Ruiz-Loya's guideline imprisonment range was 57 months to 71 months.[4]   The Court sentenced her below the guidelines range to 30 months' imprisonment.   Ruiz-Loya did not appeal.   The instant § 2255 motion followed.

The Court understands Ruiz-Loya to now assert[5] the recent Supreme Court decision in *Johnson v. United States*,[6] which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution's guarantee of due process, announced a new substantive rule retroactively applicable to his case on collateral

---

[4] *See* Presentence Investigation Report ¶ 51, Sept. 22, 2015, ECF No. 94.

[5] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotation marks omitted); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[6] *Johnson*, 135 S. Ct. at 2563.

review.[7]  Ruiz-Loya suggests that the Court improperly sentenced her under the residual clause, although the probation officer reported that she had no criminal history.[8]  She asks the Court for a "sentence correction pursuant to Johnson v. United States."[9]

## APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[10]  Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[11]  Typically, before a court will grant relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[12]

Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence.[13]  "If it plainly appears from the motion … and the record of prior

---

[7] *Welch*, 136 S. Ct. at 1265.

[8] *See* Presentence Investigation Report Part B, Sept. 22, 2015, ECF No. 94.

[9] Mot. to Vacate, July 1, 2016, ECF No. 125.

[10] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[11] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[12] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[13] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v.*

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion …"[14] When a court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[15]   Thus, the Court has "'broad and flexible power ... to fashion an appropriate remedy.'"[16]

With these principles in mind, the Court will address Ruiz-Loya's claim.

## ANALYSIS

In her motion, Ruiz-Loya asserts the recent Supreme Court decision in *Johnson v. United States*[17] announced a new substantive rule retroactively applicable to her case on collateral review.[18]   She suggests the Court violated the Constitution and laws of the United States when it "enhanced" her sentence.

---

*Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[14] 28 U.S.C. foll. § 2255 Rule 4(b); 28 U.S.C. § 2255(b) (2012); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[15] 28 U.S.C. § 2255(b).

[16] *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a ... flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. ... This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.' ") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

[17] *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

[18] *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In *Johnson*, the Supreme Court held that imposing an increased sentence based on prior convictions under the "residual" clause of the ACCA violated the Constitution's guarantee of due process.[19]   The Supreme Court explained that the government violated the Fifth Amendment's due process guarantee "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."[20]

The Court sentenced Ruiz-Loya under Sentencing Guideline §2D1.1 for her admitted violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 2.  The Court did not "enhance" Ruiz-Loya's sentence under the residual clause of the ACCA or any other act because she did not have a prior conviction or criminal history.   Simply stated, *Johnson* did not apply to Ruiz-Loya's sentence. Thus, the Court did not impose a sentence in violation of the Constitution or laws of the United States.

Therefore, the Court finds that it plainly appears from Ruiz-Loya's motion and the record of prior proceedings that she is not entitled to § 2255 relief.[21]

## EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[22]   The record

---

[19] *Johnson*, 135 S. Ct. at 2563.

[20] *Id*. at 2556.

[21] 28 U.S.C. foll. § 2255 Rule 4(b); 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990).

[22] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

in this case is adequate to dispose fully and fairly of Ruiz-Loya's claim.  The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[23]  "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[24]  In cases where a district court rejects a movant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[25]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26]  Here, Ruiz-Loya's motion fails because she has not identified a transgression of her constitutional rights.  Accordingly, the Court will deny Ruiz-Loya a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated above, the Court finds that Ruiz-Loya is not entitled to relief.  The Court, therefore, concludes that it should deny Ruiz-Loya's motion and dismiss her civil cause.

---

[23] 28 U.S.C. § 2253(c)(1)(B).

[24] *Id.* § 2253(c)(2).

[25] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[26] *Slack*, 529 U.S. at 484.

The Court further concludes that Ruiz-Loya is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Ruiz-Loya's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (ECF No. 125) is **DENIED**, and her civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ruiz-Loya is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that all pending motions in this cause are also **DENIED**.

**SO ORDERED.**

**SIGNED this 21st day of July, 2016.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE