IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRISELDA RUIZ-LOYA, | § | |
| Reg. No. 54072-380, | § | |
|     Movant, | § | |
| | § | EP-16-CV-405-KC |
| v. | § | EP-15-CR-304-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Griselda Ruiz-Loya seeks relief from her sentence through a "Motion for Minor Role Adjustment and Sentence Reduction Based on *United States v. Quintero-Leyva* and Pursuant to Amendment 794 and 28 U.S.C. § 2255" (ECF No. 134).[1] After reviewing the record and for the reasons discussed below, the Court will dismiss her motion and civil cause without prejudice. The Court will additionally deny her a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

On February 14, 2015, federal agents stopped Ruiz-Loya and two other women outside a supermarket in El Paso, Texas, based on a tip from an informant. The women consented to pat-down searches and the agents discovered packages concealed around Ruiz-Loya's body. The contents of the packages field-tested positive for cocaine.

A grand jury returned a four-count indictment charging Ruiz-Loya and the other women with various drug-trafficking offenses. Ruiz-Loya's attorney successfully negotiated a plea agreement with the Government. Under its terms, she agreed to plead guilty to count four of the indictment, which

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-15-CR-304-KC-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

alleged she possessed with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and aided and abetted, in violation of 21 U.S.C. § 2.[2]  In exchange, the Government agreed to move to dismiss the remaining counts of the indictment.

In a presentence investigation report, the probation officer determined that, based upon a total offense level of 25 and a criminal history category of I, Ruiz-Loya's guideline imprisonment range was 57 months to 71 months.[3]  After reviewing the record and the arguments of counsel, the Court sentenced her below the guidelines range to 30 months' imprisonment.[4]  Ruiz-Loya did not appeal.

In a prior § 2255 motion, Ruiz-Loya asserted that the Supreme Court's decision in *Johnson v. United States*,[5] which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution's guarantee of due process, announced a new substantive rule retroactively applicable to her case on collateral review.[6]  Ruiz-Loya suggested that the Court improperly sentenced her under the residual clause, although the probation officer reported that she had no criminal history.[7]  She asked the Court for a "sentence correction pursuant to *Johnson v.*

---

[2] Plea Agreement 1, June 30, 2015, ECF No. 65.

[3] *See* Presentence Investigation Report ¶ 51, Sept. 22, 2015, ECF No. 94.

[4] J., Oct. 1, 2015, ECF No. 103.

[5] *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

[6] *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect[.]").

[7] *See* Presentence Investigation Report Part B.

*United States*."[8]  The Court denied the motion after determining that "*Johnson* did not apply to Ruiz-Loya's sentence."[9]

In her instant § 2255 motion, Ruiz-Loya asks the Court to resentence her as a "minor" participant in the criminal activity under Amendment 794 to the Sentencing Guidelines.[10]  Ruiz-Loya argues that *United States v. Quintero–Leyva*[11] made Amendment 794 retroactively applicable to her case on collateral review.[12]  She asks the Court to "apply the proper reduction."[13]

## APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"[14] Relief under § 2255 is warranted for errors that occurred at trial or at sentencing.[15]  Before a court will grant relief, a movant must establish that (1) her "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[16]  Ultimately, the movant bears the burden of establishing her claims of error by a

---

[8] First Mot. to Vacate, July 1, 2016, ECF No. 125.

[9] Mem. Op. & Order 5, July 21, 2016, ECF No. 126.

[10] Second Mot. to Vacate 4, Sept. 6, 2016, ECF No. 134.

[11] *United States v. Quintero–Leyva*, 823 F.3d 519, 524 (9th Cir. 2016).

[12] Second Mot. to Vacate 1.

[13] *Id*. at 4.

[14] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[15] *See Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[16] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

preponderance of the evidence.[17]  "If it plainly appears from the motion … and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion …"[18]

With these principles in mind, the Court will address Ruiz-Loya's claim.

## ANALYSIS

Ruiz-Loya asks the Court to resentence her under Amendment 794 to the Sentencing Guidelines based on her "minor role" in the drug-trafficking offense.[19]  She argues that *United States v. Quintero–Leyva*[20] made Amendment 794 retroactively applicable to her case on collateral review.[21]  She asks the Court to "apply the proper reduction."[22]

The Court will not grant Ruiz-Loya § 2255 relief for five reasons.

First, the Court denied Ruiz-Loya's prior § 2255 motion on its merits.[23]  Before a movant may proceed with a second or successive § 2255 motion, a court of appeals panel must first certify that it (1) contains "newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was

---

[17] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[18] 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b) (2012); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[19] Second Mot. to Vacate 4, Sept. 6, 2016, ECF No. 134.

[20] *United States v. Quintero–Leyva*, 823 F.3d 519, 524 (9th Cir. 2016).

[21] Second Mot. to Vacate 1.

[22] *Id*. at 4.

[23] Mem. Op. & Order 5, July 21, 2016, ECF No. 126.

previously unavailable."[24] Because there is nothing in the record to suggest that Ruiz-Loya sought and received the appropriate certification from the Fifth Circuit prior to filing her motion, or that since filing her motion she has obtained the necessary certification, the Court finds it is without jurisdiction to entertain her motion.[25]

Second, the United States Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 through Amendment 794 to address inconsistencies in the application of the guideline and to provide the district courts with additional guidance in determining whether they should grant "minor role" adjustments.[26] In *United States v. Quintero–Leyva*, the Ninth Circuit Court of Appeals held that Amendment 794 applied retroactively to cases on *direct* appeal.[27] Since this was a Ninth Circuit case, *Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases in the Fifth Circuit on direct appeal or on collateral review under § 2255.

---

[24] 28 U.S.C. § 2255(h) (2012). *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) ("The relevant provisions of the [Antiterrorism and Effective Death Penalty Act] amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).").

[25] *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion."); *Key*, 205 F.3d at 774 ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

[26] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[27] *United States v. Quintero–Leyva*, 823 F.3d 519, 523-243 (9th Cir. 2016).

Third, the Court sentenced Ruiz-Loya on October 1, 2015,[28] before Amendment 794 became effective on November 1, 2015.[29]  The Sentencing Guidelines list all of the amendments eligible for retroactive effect.[30]  If an amendment is not listed, a retroactive sentence reduction is not authorized.[31]  The list does not include Amendment 794.[32]

Fourth, based upon a total offense level of 25 and a criminal history category of I, Ruiz-Loya's guideline imprisonment range was 57 months to 71 months.  Ruiz-Loya's counsel objected to the absence of a "minor role" adjustment to her base offense level.[33]  In his objection, he pointed out that "the Sentencing Commission voted to promulgate amendments to the advisory guidelines" to make "various changes to the mitigating role guideline."[34]  The Court overruled the objection.  Although the Court did not grant Ruiz-Loya a "minor role" adjustment, it did depart below the guideline range and sentenced her to 30 months' imprisonment.

---

[28] J., Oct 1, 2015, ECF No. 103.

[29] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[30] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[31] *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("[18 U.S.C.] 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. ... The applicable policy statement is [Sentencing Guideline] § 1B1.10.") (citing *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)).

[32] *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[33] Obj. to Presentence Investigation Report 2, Sept. 22, 2015, ECF No. 94-3.
[34] *Id.*

Finally, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."[35]  Thus, a district court's failure to apply the modified commentary to Sentencing Guideline § 3B1.2 to determine whether to grant a "minor role" downward adjustment to a base offense level would not implicate any constitutional issues.

Accordingly, the Court finds it plainly appears from the record that Ruiz-Loya is not entitled at this time to § 2255 relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[36]  To warrant a certificate as to claims a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[37]  Here, Ruiz-Loya's motion fails because she has not identified a transgression of her constitutional rights and reasonable jurists would agree the Court was correct in its procedural ruling.  Thus, the Court finds that it should not grant Ruiz-Loya a certificate of appealability.[38]

## CONCLUSION AND ORDERS

Therefore, the Court concludes it should deny Ruiz-Loya's § 2255 motion, and dismiss her civil cause, because she does not have the appropriate certification from the Fifth Circuit to proceed.  This

---

[35] *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

[36] 28 U.S.C. § 2253(c)(1)(B).

[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[38] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

dismissal, however, is without prejudice to her right to submit a motion for leave to file a second or successive § 2255 motion in the Fifth Circuit.  The Court further concludes that Ruiz-Loya is not entitled to a certificate of appealability.  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Ruiz-Loya's motion under 28 U.S.C. § 2255 (ECF No. 134) and her civil cause are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Ruiz-Loya is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 30th day of September, 2016.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**